UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHNNY RAY JENKINS,

    Plaintiff,

v().

HYATTE, HAWK, HAMRICK, ANGLE,
DICE, NEIL, BARKUS, and McCULLUM,

    Defendants.

CAUSE NO. 3:19-CV-675 DRL-MGG

OPINION AND ORDER

Mr. Johnny Ray Jenkins, a prisoner without a lawyer, filed this complaint alleging eight defendants failed to protect him from another inmate's attack at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege that (1) the defendants deprived him of a federal constitutional right, and (2) they acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). And, "the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison

officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) ("equivalent of criminal recklessness").

Mr. Jenkins alleges he was attacked on July 22, 2018, and again on August 28, 2018. Before the first attack, he "reported to Case Manager Mr. Angle that my cell mate Justin Pearson and I were not getting along. I asked to be moved to another cell cause I was concerned for my safety." ECF 2 at 2. This report provided Case Manager Angle with significantly less information than the defendants in *Klebanowski*. The complaint consequently does not state a claim against Case Manager Angle based on the attack of July 22, 2018.

Mr. Jenkins' reports preceding the second attack were more specific. Before the August 28, 2018 attack, Mr. Jenkins reported that after the first attack his cellmate threatened to kill him if he saw him in the yard. His cellmate was a high-ranking member of a prison gang and threatened that he was ordering his fellow gang members to stab him on sight. Mr. Jenkins alleges he reported these details to all eight defendants and sought protective custody. Mr. Jenkins alleges he did not get protective custody and was attacked by two gang members after he was placed back in general population.

It is unclear what each of the defendants did in response to the requests for protective custody. It is unclear whether all of them (or any of them) were deliberately indifferent. It seems unlikely that all eight were personally responsible for making protective custody determinations and assignments. "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be

2

hit with damages under §1983." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The "view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients[, t]hat can't be right." *Id.* And it isn't. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Nevertheless, at this stage of the proceeding, Mr. Jenkins has plausibly stated a claim against all eight defendants.

For these reasons, the court:

(1) GRANTS Johnny Ray Jenkins leave to proceed against Defendants Hyatte, Hawk, Hamrick, Angle, Dice, Neil, Barkus, and McCullum in their individual capacities for compensatory and punitive damages for not protecting him from attack by fellow inmates at the Miami Correctional Facility on August 28, 2018 under the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process at the Indiana Department of Correction on Defendants Hyatte, Hawk, Hamrick, Angle, Dice, Neil, Barkus, and McCullum with a copy of this order and the complaint (ECF 2); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Hyatte, Hawk, Hamrick, Angle, Dice, Neil, Barkus, and McCullum to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 30, 2019  *s/ Damon R. Leichty*
Judge, United States District Court